MORROW, R. O., Associate Judge.
In Baya v. Central & Southern Florida Flood Control District, Fla.App.1964, 166 So.2d 846, this court affirmed in part and reversed in part a Final Decree which adjudicated to be public by prescription a rural road leading from the Williams heirs’ lands north over the Bayas’ lands to S.R. 70. This court reversed the chancellor’s adjudication of public rights but sustained his findings that the Williams heirs had a private prescriptive right in the. road both by necessity and by private adverse use. This court remanded the cause for entry of a decree “consistent with those findings.” Upon remand the chancellor first modified his final decree by a decree pursuant to mandate, dated September 18, 1964, from which no appeal was taken, and then subsequently entered another order dated January 22, 1965, from which the Bayas now take this timely interlocutory appeal.
The order appealed (1) denies Baya’s request to tax as costs against the Williams heirs attorneys’ fees and other expenses incurred by the Bayas in resisting a contempt rule allegedly botained by the Williams heirs through fraud and malice; (2)denies the Bayas’ motion for an order further modifying the final decree by striking certain phrases and entering an injunction restraining the Williams heirs from interfering with any gate or lock maintained by the Bayas; and (3) partially denies Baya’s motion to tax as costs against the Williams heirs the full cost ($1554.55) of the transcript of record used on the prior appeal by requiring the Williams heirs to pay only half ($777.28), such expense.
The appellant contends that the Court should tax costs against the Williams heirs for attorneys’ fees and other expenses incurred by reason of the appellants Baya resisting a contempt order allegedly obtained by the Williams heirs through fraud and malice. Under certain circumstances of fraud or malice attorneys’ fees may be taxed, but such malice or fraud must be specific, certain and conclusive. It does not appear that such circumstances here existed, and it does appear that the contempt proceedings and the Order to-Show Cause' against Baya had been dismissed on November 12, 1964, prior to. hearing thereon. This order was not appealed. We find no error in the trial court’s not fixing of attorneys’ fees.
The order appealed provides that: the defendants Baya do not have the right to keep the gate locked, and that there is. no showing of a need to keep the gate-locked. This complies with the original' opinion of this Court, which stated that the gate was secured by a lock from time-to time which apparently was placed thereon by Baya, and consented to by the Williams heirs. Part of the time the gate was. not locked, and it would be contrary to-prescriptive right to injunctively order it, to be kept locked.
It is pointed out that the order pursuant, to mandate was not appealed, and the court has lost jurisdiction to change said order..
The contention of the appellant that the-easement is not sufficiently described is. without merit.
The final point raised by the appellant is the taxing of only one-half of the costs of the transcript of record against the Williams heirs. The Decree appealed' was affirmed in part and reversed in part,. *503 and apportioning the costs between the parties comports with Fla.Appellate Rule 3.16, 31 F.S.A., which provides that reasonable costs may be taxed in the lower court after the filing of mandate. It is pointed out that the time for reviewing judgment for such costs has long since passed (F.A.R. 3.16, subd. c).
The order appealed is affirmed.
Affirmed.
SHANNON, Acting C. J., and LILES, J., concur.