HENDRY, Judge.
Defendant-appellant Orkin Exterminating Company of South Florida, (“Orkin”) appeals from a final judgment awarding $7,683.20 (plus interest and costs) for termite damage entered pursuant to a jury verdict.
At issue is the sufficiency of the evidence to support the jury verdict and final judgment in light of a contractual limitation of liability in the amount of $5,000.00.[1] We affirm the judgment as to liability, but reduce the amount awarded to $5,000.00 (plus interest and costs.)
The Clarks sued Orkin for breach of contract and negligence in the performance of that contract. The parties contracted to “control” a subterranean termite infestation and to “treat” the Clarks’ premises therefor. The contract provided for annual renewal payments of $15.00 cov *885 ering annual re-inspection after the 1963 treatment.
The Clarks contend that Orkin guaranteed against termite damages during the six year period and that Orkin negligently failed to make proper annual inspections. Orkin generally contends that there was no .evidence that the original treatment was improperly performed or that the annual reinspections were improperly performed, and that the $5,000.00 limitation of liability in the contract precluded entry of a larger jury verdict.
A similar argument advanced by appellant was considered and ruled on correctly, we think, in Better Food Markets, Inc. v. American Dist. Tel. Co., 40 Cal.2d 170, 253 P.2d 10, 15-16, 42 A.L.R.2d 580 (1953). Therein it was said:
“The plaintiff seeks to avoid the effect of the liquidation clause on the ground that it has no application to a tort action. However, the plaintiff makes no claim that a duty was owed to it outside of that created by the contract, and no breach of duty was alleged other than a failure to render the contracted for service. Although an action in tort may sometimes be brought for the negligent breach of a contractual duty, Jones v. Kelly, 208 Cal. 251, 280 P. 942, still the nature of the duty owed and the consequences of its breach must be determined by reference to the contract which created that duty. In the present case the duty created by the contract was one for which liability for a breach thereunder was fixed, and whether the action is brought in tort or in contract the nature of the duty remains the same. The plaintiff cites no authority and none has been discovered to the effect that where the breach of a duty created only by contract is a negligent one the application of a valid clause for liquidated damages may be avoided by bringing an action in tort.”
For the reasons stated the judgment is reduced to $5,000.00 (plus interest and costs), and as modified is affirmed.
As modified, affirmed.

. “Tlie liability of our company hereunder for such reinspection and retreatment shall not exceed $5,000.00.”