**FLORIDA POWER & LIGHT CO., a Florida corp., Plaintiff-Appellant,**

v.

**WESTINGHOUSE ELECTRIC CORP., a Pennsylvania corp. qualified to do business in Florida, Defendant-Appellee.**

No. 84-5946.

United States Court of Appeals, Eleventh Circuit.

April 2, 1986.

Steel, Hector & Davis, Alvin B. Davis and Nancy Swerdlow, Miami, Fla., for plaintiff-appellant.

Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, P.A., R. Benjamine Reid, Miami, Fla., for defendant-appellee.

---

Before GODBOLD, Chief Judge, FAY, Circuit Judge, and PECK *, Senior Circuit Judge.

PER CURIAM:

The issues presented here are (1) whether Florida law permits a buyer under contract for goods to recover economic losses in tort without a claim for personal injury or property damage to property other than the allegedly defective goods, and (2) if Florida law precludes recovery for economic loss in tort without a claim for personal injury or property damage to other property, whether the rule should be applied retroactively in this case.

We have reviewed the Florida authority, including *A.R. Moyer, Inc. v. Graham,* 285 So.2d 397 (Fla.1973); *GAF Corp. v. Zack Co.,* 445 So.2d 350 (Fla. 3d D.C.A.) *pet. for rev. denied,* 453 So.2d 45 (Fla.1984); *Cedars of Lebanon Hospital Corp. v. European X-Ray Distributors of America, Inc.,* 444 So.2d 1068 (Fla. 3d D.C.A.1984); *Monsanto Agricultural Products Co. v. Edenfield,* 426 So.2d 574 (Fla. 1st D.C.A. 1982); *Drexel Properties, Inc. v. Bay Colony Club Condominium, Inc.,* 406 So.2d 515 (Fla. 4th D.C.A.1981) and *Audlane Lumber & Builders Supply, Inc. v. D.E. Britt Associates, Inc.,* 168 So.2d 333 (Fla. 2d D.C.A.1964), *cert. denied,* 173 So.2d 146 (Fla.1965), and are persuaded that there is no clear and controlling precedent in the Florida courts. We therefore certify the following facts and issues for decision by the Florida Supreme Court.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS TO THE SUPREME COURT OF FLORIDA, PURSUANT TO FLORIDA STATUTES § 25.031.

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

---

* Honorable John W. Peck, U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

It appears to the United States Court of Appeals for the Eleventh Circuit that the above matter involves a question or proposition of law of the State of Florida which may be determinative of the cause, and there appear to be no clear controlling precedents in the decisions of the Supreme Court of Florida. The United States Court of Appeals for the Eleventh Circuit therefore certifies the following questions of law of the State of Florida for instructions concerning such questions of law, based on the facts recited herein.

## I. *Style of case*

The style of the case in which this certificate is made is as follows: FLORIDA POWER & LIGHT COMPANY, a Florida corporation, Petitioner-Appellant, versus WESTINGHOUSE ELECTRIC CORPORATION, a Pennsylvania corporation qualified to do business in Florida, Respondent-Appellee, Case No. 84–5946, United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Southern District of Florida.

## II. *Statement of facts*

In November 1965 Florida Power & Light (FPL) entered into contracts with Westinghouse in which Westinghouse agreed to design, manufacture, and furnish two nuclear steam supply systems, including six steam generators. According to the complaint, FPL discovered leaks in all six generators. FPL brought this suit, alleging that Westinghouse was liable for breach of express warranties in the contract and for negligence and seeking damages for the cost of repair, revision, and inspection of the steam generators.

The trial court denied Westinghouse's motion for partial summary judgment on the breach of warranty count and granted Westinghouse's motion for partial summary judgment on the negligence count on the grounds that Florida law precludes the recovery of economic loss without any claim of personal injury or property damage to other property. The trial court determined that the judgment on the negligence count was appropriate for certification to the United States Court of Appeals for the Eleventh Circuit for immediate appellate review under the provisions of 28 U.S.C. § 1292(b). This court granted FPL's petition for interlocutory appeal.

## III. *Questions to be certified to the Supreme Court of Florida*

(1) Whether Florida law permits a buyer under a contract for goods to recover economic losses in tort without a claim for personal injury or property damage to property other than the allegedly defective goods.

(2) If Florida law precludes recovery for economic loss in tort without a claim for personal injury or property damage to other property, whether this rule should be applied retroactively in this case.

Our statement of the question is not designed to limit the inquiry of the Supreme Court of Florida.

> [T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.

*Martinez v. Rodriguez,* 394 F.2d 156, 159 n. 6 (5th Cir.1968).

The entire record in this case, along with copies of the briefs of the parties, are transmitted herewith.

CERTIFIED.