GOVERNMENT PERSONNEL
SERVICES, INC., et al.,
Plaintiffs,

v.

GOVERNMENT PERSONNEL MUTUAL
LIFE INSURANCE CO., et al.,
Defendants.

No. 86–1566–CIV–T–17(A).

United States District Court,
M.D. Florida,
Tampa Division.

March 14, 1991.

John R. Newcomer, Yado, Keel, Nelson & Bergmann, P.A., Tampa, Fla., Richard E. Berman, Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, Fla., Elihu H. Berman, Krug, Berman & Silverman, Clearwater, Fla., Christopher Ferguson, Riden, Earle & Kiefner, St. Petersburg, Fla., for plaintiffs.

Gerald W. Nelson, Yado, Salem, Keel, Nelson & Bergman, P.A., Tampa, Fla., for James Roberts.

Richard Candelora, Trenam, Simmons, Kemker, Sharf, Frye & O'Neill, for defendants.

ORDER ON MOTIONS

KOVACHEVICH, District Judge.

The cause is before the Court on responses from both parties to this Court's order of February 22, 1991; motion to adjudicate charging lien; and motion for reconsideration.

MOTION TO ADJUDICATE CHARGING LIEN

Plaintiffs' former counsel Merkle & Magri, P.A. filed a motion to adjudicate a charging lien against Plaintiffs on February 22, 1991. To date no objection has been filed to that motion. The Court has reviewed the motion and finds it well-taken. The Court, therefore, orders that: 1) The instant action shall not be dismissed voluntarily, or by the court, prior to disposition of the charging lien; 2) All parties shall give notice to Merkle & Magri, P.A. of any proceedings intended to terminate the cause of action which effects disbursal of any proceeds obtained or recovered by Plaintiffs; and 3) The Court reserves jurisdiction to determine the amount of the lien and to enforce the lien, if necessary.

MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ON COUNT V

■ Count V asserted a claim of slander and libel against GPM. In its motion, Defendant GPM contended that the count failed to state a cause of action, as a matter of law, because any defamatory statements were privileged and because Plaintiffs consented to any statement made by GPM. On February 22, 1991, this Court granted Defendants' motion for summary judgment on Count V, stating:

There is no genuine dispute here regarding the circumstances regarding the publication of the allegedly defamatory statements. Plaintiff was a former employee of Defendant GPM. A prospective employer, Metropolitan, hired an executive search agent to investigate Plaintiff. Mr. Lovell authorized any of his previous employers to release information regarding various areas, for himself and his company. Defendant GPM responded to the inquiry regarding Plaintiff and addressed each of the areas which Mr. Lovell had indicated he authorized them to address.

The Court finds as a matter of law that the circumstances surrounding the communications in question here, including the addendum sent to Bishop's after the July 12, 1985, letter are indisputedly privileged and the occasion surrounding the communications was a privileged occasion.

The second question then is whether or not Plaintiffs have shown a genuine issue of fact exists as to whether or not there was express malice, or malice in fact, in the making of the privileged communication. The statements need not be based on undisputed facts, the test is whether, as a matter of law, the conclusions were justified under the circumstances. *Boehm*, at 95. It is unequivocal that all three elements of ill will, hostility, and evil intention to defame and injure and "more" must be shown. *Nodar*, at 811, fn. 8.

The Court, having reviewed the motion, responses and record in support thereof, is satisfied that Plaintiffs have failed to establish a genuine issue of fact exists on the question of the express malice of Defendants in making the defamatory statements. Defendants did not seek out Bishop's or Metropolitan to defame Plaintiffs, rather they were approached and pressed for information regarding many areas of Plaintiffs' life and business; including mode of living and reputation. The statements do not intrinsically reflect malice. The statements were clearly made on a privileged occasion and there is no genuine issue of fact that Defendants' statements were made with "ill will, hostility, or evil intention to defame and injure."

The motion for reconsideration does not raise any new issues but seeks to relitigate that which has already been considered by the Court and found lacking. The Court finds no basis for reconsideration of its previous dismissal of Count V.

## RESPONSES TO COURT ORDER

■ In the order of February 22, 1991, the Court addressed the issue of whether or not Plaintiffs established a tort independent of the breach of contract, as claimed in Count I of the second amended complaint.

Count I of the second amended complaint alleges common law fraud against the GPM defendants: GPM, Peter Hennessey, III, P.J. Hennessey, and Frank Hoey. Specifically, the second amended complaint states that:

Defendants participated, assisted and/or aided and abetted in the programming of false and fraudulent data and/or the modification or alteration of existing programming contained in the main computer of G.P.M. to methodically, systematically and intentionally understate the amount of business issued by agents of G.P.S., the contest points earned by such agents and the persistency ratings of the G.P.S. agents, thereby intentionally failing to pay G.P.S. the monies it had rightfully earned and further participated, assisted and/or aided and abetted in the distribution of such fraudulent date [data] in the form of periodic reports to G.P.S.

The well-organized, systematic and efficient means used to perpetrate this computer fraud clearly shows that the fraud perpetrated by these Defendants was planned prior to the inception of any contractual relationship with Plaintiff and that Defendants never intended to perform the contractual obligations set forth in Exhibit "A" to the complaint.

Additionally, Plaintiffs allege that Defendants knew the reports misrepresented and omitted material facts; that the reports were false and misleading; that Defendants intended Plaintiffs to rely on the

reports; that Plaintiffs did rely on the reports; and that Plaintiffs suffered damages as a result of the acts of Defendants. Plaintiffs seek, among other things, punitive damages in compensation.

The Court addressed this question, as raised in *Serina v. Albertson's Inc.*, 744 F.Supp. 1113 (M.D.Fla.1990), a case similar to the instant case, and determined that it was necessary to take further memorandum in regard to the issues. The supplemental memoranda were filed by both parties on March 8, 1991.

In *Serina* the plaintiff had a contract with his employer relating to a bonus plan, based on a percentage of store profits. The employer based the plaintiff's bonus on a "prorated operating statement," while also maintaining an "actual operating statement" for reporting profits to corporate officials. The profits described in the "prorated operating statement" were lower than those in the "actual operating statement." Plaintiff brought an action in tort for fraud, requesting punitive damages, against the employer and a motion for summary judgment was filed alleging that the cause of action was in contract and not in tort.

The *Serina* decision determined that an independent tort may derive from the same conduct which led to the breach of contract, "as long as the elements necessary to prove that independent tort are alleged and proven, and as long as one is utilizing breach of contract and punitive damages principles." *Id.*, at 1116.

In discussion, and as first impression in this circuit, as to the "economic loss rule" as it relates to a fraud claim, an intentional tort, this Court stated:

> The torts of negligence and fraud are distinct torts with distinct elements. However, there is simply no basis presented or found for disparate treatment of fraud and negligence within the "economic loss rule." Furthermore, the Court finds the holding in *Public Service Enterprise Group [Inc. v. Philadelphia Electric Co.*, 722 F.Supp. 184 (D.N.J.

1989)] to be persuasive when the District Court of New Jersey refused to make an exception for fraud in the "economic loss rule" when the facts surrounding the tort claim are interwoven with the facts surrounding the breach of contract claim ...

> Simply stated, one may be able to bring an action for punitive damages in a breach of contract case when the facts surrounding the breach of contract and the separate and distinct tort are interlaced, but may be precluded from bringing a *separate tort action* under the same scenario by the "economic loss rule."

*Id.*, at 1118. The "economic loss rule" disallows tort actions for recovery of economic damages without accompanying physical injury or property damage. *Florida Power & Light Co. v. Westinghouse Electric Corp.*, 785 F.2d 952 (11th Cir. 1986); *AFM Corp. v. Southern Bell Tel. & Tel.*, 515 So.2d 180 (Fla.1987).

The facts in this case are similar in nature to those found in *Serina*. Plaintiffs asserts that Defendants defrauded them by tampering with computer reports on which their compensation was to be based. The Court is satisfied that its finding in the *Serina* case requires granting the motion for summary judgment as to Count I of the second amended complaint. The Court has read and considered Plaintiffs' response and finds that it fails to persuade the Court that the *Serina* test has been overcome and that there is a tort claim beyond that of the contract claim.[1] Accordingly, it is

ORDERED that the motion for reconsideration be denied; the motion to adjudicate charging lien be granted; and motion for summary judgment, as to Count I of the second amended complaint, be granted and Count I be dismissed from the cause of action.

DONE and ORDERED.

---

**1.** There has been no showing of the existence of a material fact related to any prior intent to defraud, so that claim is not considered in this discussion. Plaintiffs make unsupported conclusory statements on this issue.