**EQUITY HERNANDO WOODS, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 93–1104–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

July 21, 1995.

Catherine Peek McEwen, Akerman, Senterfitt & Eidson, P.A., Tampa, FL, for plaintiff.

Philip Doyle, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendants.

*ORDER ON MOTIONS FOR RECONSIDERATION*

KOVACHEVICH, District Judge.

This cause of action is before the Court on Plaintiff's and Defendant's Motions for Reconsideration and to Alter or Amend Judgement (Docket Nos. 40 and 38, respectively) and Defendant's Motion of Opposition by United States to Plaintiff's Motion for Reconsideration (Docket No. 43). The parties petition this Court pursuant to Rules 59(e) and 60(b), Federal Rules of Civil Procedure.

Plaintiff moves this Court for reconsideration and to alter or amend the final judgement entered against the Plaintiff based upon the timeliness of the filing of this action. Defendant moves the Court to reconsider based upon the Court's interpretation of legal theory and on the basis that Plaintiff has not moved for summary judgement. The Court's review of movant's motions prompted it to *sua sponte* request additional information (Docket No. 41). The information provided to the Court as of June 30, 1995, had not included proof as the method of mailing of the Internal Revenue Service's (IRS) letter to Ms. McEwen, dated January 4, 1993 (Docket No. 31, Attachment). The Court

then received a stipulation that the IRS's letter was transmitted by first class mail on January 5, 1993 (Docket No. 42). It is upon this chronology that the Court moves forward.

■ A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294 (M.D.Fla.1993). Courts have recognized three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or manifest injustice. *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986). The court will not reconsider when the motion does not raise new issues but only relitigates what has already been found lacking. *Government Personnel Services, Inc. v. Government Personnel Mutual Life Insurance Co.*, 759 F.Supp. 792 (M.D.Fla.1991).

While neither the Plaintiff's nor the Defendant's motions raised new issues, the Court, in it's *de novo* review of the controlling law, discovered an issue previously overlooked by both parties. This element lies in 26 U.S.C. § 6532(c), "Suits by persons other than taxpayers," which states:

(1) **General rule.**—Except as provided in paragraph (2), no suit or proceeding under section 7426 [the wrongful levy action, as filed here] shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action.

(2) **Period when claim is filed.**—If a request is made for the return of property described in section 6343(b), the 9–month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.

The limitations period is extended if the party claiming an interest in the levied property files an administrative request for the return of the property within the initial nine (9) month period of subsection 1. The parties agree that the nine (9) month period begins running from the date of delivery to the person to be served of the notice of levy, when the levy is served by mail. However, they disagree as to what is the date of delivery to the person to be served.

■ The government's own form indicates the date of delivery as January 23, 1992. The Plaintiff asserts that this official record of the date should be relied upon. The Court agrees with the Plaintiff on this point for the reasons explained in the previous Order on Motion for Summary Judgement (Docket No. 36, Pages 5–6). The Plaintiff filed its administrative claim on the last day for filing a claim, as evidenced by the IRS's letter of January 4, 1993 (Docket No. 31, Exhibit). Thereby, the statute of limitations was extended, pursuant to 26 U.S.C. § 6532(c)(2).

■ Pursuant to subsection 2, the Plaintiff then had either twelve (12) months from the date of the filing of the request for the return of property or six (6) months from the date of a certified or registered notice of disallowance of the request addressed in this action, whichever is shorter. The twelve (12) month period would have expired on October 23, 1993, whereas the six (6) month period of time from the disallowance letter would have expired on July 4, 1993, had the disallowance letter been sent by certified or registered mail. Therefore, this Court having received the stipulation that the disallowance letter was sent by first class mail (Docket No. 42), the twelve (12) month date is to be applied under the statute because the IRS did not comply with the requirement to certify or register the notice of disallowance.

The Plaintiff, assuming that the six (6) month extension is in effect, relies upon time computation provisions of Rule 6 of the Federal Rules of Civil Procedure. Plaintiff claims that the filing on the 6th of July is within the statute of limitations, because the last day for filing fell on a Sunday, followed by a Monday holiday. The Court disagrees with the reasoning of the Plaintiff for the reasons explained in previous Order on Mo-

tion for Summary Judgement (Docket No. 36, Pages 6–7). However, the Court agrees that the filing on July 6, 1993 was within the statute of limitations because the twelve (12) month extension provided by 26 U.S.C. § 6532(c)(2) was in effect at the time. Therefore, since Plaintiff's action was filed before October 23, 1993, Plaintiff fell within the applicable statute of limitations, the congressional waiver of sovereign immunity is applicable, and this Court has jurisdiction.

This Court understands the strong feelings of the litigants in the case at bar. In an effort to fairly, accurately, justly, and predictably administer the statutes of limitations promulgated in 26 U.S.C. § 6532, and in the interest of judicial expediency, this Court is of the opinion that an interlocutory appeal to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b) may be appropriate. Section 1292 states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

 This Court is cognizant that the instant statute of limitations application by this Court "involves a controlling question of law as to which there is substantial ground for difference of opinion." *Id.* However, the parties should realize that the opportunity to take an interlocutory appeal is not an obligation to do so; if the parties are content to preserve the status quo while this district court decides their case, they retain the right to a comprehensive review at the end of the case. *S.E.C. v. Quinn,* 997 F.2d 287 (7th Cir.1993). However, this Court suggests that if either party contemplates a challenge to this Court's order regarding the statute of limitations applied herein, judicial economy would be better served by an interlocutory appeal now rather than an appeal from a final decision in the future. Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Reconsideration and to Alter or Amend Judgement (Docket No. 40) be **granted;** the Court's Order of May 22, 1995 (Docket No. 36) be **vacated;** Defendant's Motion for Summary Judgement (Docket No. 27), Motion for Reconsideration and to Alter or Amend Judgement (Docket No. 38) and Motion of Opposition by United States to Plaintiff's Motion for Reconsideration (Docket No. 43) be **denied;** the Clerk of the Court be **directed** to reopen this cause of action. This Court also informs the parties that it would permit an interlocutory appeal to the Eleventh Circuit Court of Appeals per 28 U.S.C. § 1292(b) if filed within ten (10) days after the entry of this order. The parties are **directed** to inform this Court of their intentions to prosecute or settle this case within ten (10) days after the entry of this order.

**DONE AND ORDERED.**