EXHIBIT "A"                          EXHIBIT "B"

INTERNATIONAL SHIP REPAIR
AND MARINE SERVICES,
INC., Plaintiff,

v.

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,
Defendant.

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,
Plaintiff,

v.

INTERNATIONAL SHIP REPAIR AND
MARINE SERVICES, INC., et al.,
Defendants.

Nos. 94–1368–CIV–T–17(E),
94–1844–CIV–T–17(E).

United States District Court,
M.D. Florida,
Tampa Division.

April 8, 1996.

G. Calvin Hayes, Paul E. Parrish, Holland & Knight, Tampa, FL, U. Charles Remmel, R. Terrance Duddy, Leland N. Chisholm, Kelly, Remmel & Zimmerman, Portland, ME, for International Ship Repair & Marine Services, Inc.

Timothy Peter Shusta, Hayden & Milliken, P.A., Tampa, FL, John A.V. Nicoletti, Donovan, Parry, Walsh & Repetto, New York City, Seth S. Holbrook, Law Office of Seth S. Holbrook, Melrose, MA, for St. Paul Fire & Marine Insurance Company.

## *ORDER ON MOTION FOR REHEARING*

KOVACHEVICH, Chief Judge.

This action is before the Court on the following motions and responses:

1. International Ship Repair and Marine Services' (hereafter International) motion for rehearing and supporting memorandum of law, filed December 1, 1995. (Docket No. 95)

2. St. Paul Fire and Marine Insurance Company's (hereafter St. Paul) memorandum in opposition to International's motion for rehearing, filed December 13, 1995. (Docket No. 97)

## FACTS

The background to this case has been set forth by this Court, in detail, in its November 21, 1995, Order on the Motions to Strike and for Summary Judgment filed by both International and St. Paul. (Docket No. 92) The following facts are significant in deciding this Motion for Rehearing.

On June 29, 1995, International filed its motion for summary judgment, along with a memorandum and several affidavits in support. International stated that it was entitled to summary judgment because the parties' insurance contract admitted the seaworthiness of International's dry dock, the CHL2. As such, St. Paul could not prove that International breached the warranty of seaworthiness, an essential element to St. Paul's claims.

On August 4, 1995, St. Paul filed its motion for summary judgment along with a memorandum and affidavits in support. St. Paul's motion stated that the insurance policy was void and, therefore, it was entitled to summary judgment. According to St. Paul, the insurance policy was void because: (1) International failed to show St. Paul the utmost good faith required in marine contracts (uberrimae fidei); (2) International failed to disclose the CHL2's purchase price; (3) International knew or should have known of the CHL2's deteriorated condition; and (4) International's surveyor misrepresented the scope of the survey that he conducted on the CHL2.

After denying both parties' motions to strike affidavits, this Court determined that there were material issues of fact precluding the entry of summary judgment for either party. Specifically, this Court found that St. Paul was not entitled to summary judgment because material issues of fact remained regarding whether International made misrepresentations to St. Paul when it applied for insurance. This Court also found that International was not entitled to summary judgment against St. Paul because the insurance contract between the two (2) parties contained ambiguity requiring the presentation of extrinsic evidence regarding the parties' intent. It is on this latter determination that

·International has focused, in its motion for rehearing.

### STANDARD OF REVIEW

■ A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294 (M.D.Fla.1993). Courts have recognized three (3) grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981). The court will not reconsider a previous ruling when the party's motion fails to raise new issues and instead, only relitigates what has already been found lacking. *Government Personnel Services, Inc. v. Government Personnel Mutual Life Ins. Co.*, 759 F.Supp. 792 (M.D.Fla.1991), *aff'd*, 986 F.2d 506 (11th Cir.1993). While International's motion does not raise new issues, it does suggest that the Court made an error in its previous order. International argues that under Florida law, it is entitled to summary judgment because ambiguity in a contract must be strictly construed against the insurer.

### DISCUSSION

The Court recognizes International's argument as a proper statement of Florida law.[1] However, the Court also recognizes that a conflict exists between the present summary judgment rule and state laws, like Florida's, requiring ambiguities in insurance policies to be construed against the insurance company. The conflict was described by Judge Weinstein of the Eastern District of New York. *Uniroyal, Inc. v. Home Ins. Co.*, 707 F.Supp. 1368, 1372–78 (E.D.N.Y.1988). New York has a law very similar to Florida's, requiring ambiguities to be construed in the insured's favor. *Id.* Judge Weinstein stated that

[t]wo aspects of 'ambiguity' appear to be in conflict: ambiguity in an insurance con-

tract that may render summary judgment improper as a matter of federal civil procedure; and ambiguity in an insurance contract that must be construed by the court as a matter of substantive state contract law. The former, proceduralist view, stresses that ambiguity inherently necessitates a full presentation of extrinsic evidence for the factfinder's evaluation. The latter, substantive view, rests on the assumption that, as a matter of substantive state insurance contract law, ambiguities in an insurance policy are to be construed by the court against the insurer. A motion for summary judgment on an ambiguous insurance policy in a diversity case appears to invoke these inconsistent rules simultaneously.

*Id.*

Judge Weinstein determined that the proper resolution of this conflict under federal procedure and New York law was to grant summary judgment for the insured on an ambiguous insurance policy only after allowing full discovery. Then, finding no valuable extrinsic evidence of the parties' intent, the court would apply as a last resort the state law presumption construing the policy against the insurer. *Id.; Alfin, Inc., v. Pacific Ins. Co.*, 735 F.Supp. 115 (S.D.N.Y.1990). Judge Weinstein went on to state that summary judgment on an ambiguous insurance policy should not be granted while discovery is still incomplete. *See Burroughs Wellcome Co. v. Commercial Union Ins. Co.*, 632 F.Supp. 1213, 1220, 1224–25 (S.D.N.Y.1986); *Aetna Casualty & Surety Co. v. Abbott Laboratories, Inc.*, 636 F.Supp. 546, 550 n. 7 (D.Conn. 1986).

■ This Court finds Judge Weinstein's approach to the conflict between state law and the federal rules of civil procedure to be well reasoned. Granting summary judgment on ambiguous insurance contracts, only after discovery is complete and it is determined that the evidence does not raise issues of credibility between the parties does justice to both the federal rules and state law. Howev-

---

**1.** It appears as though the parties have agreed to apply Florida Law to this action. Both parties cite and argue Florida cases in their motions.

er, this Court also finds that it does not have to rely on Judge Weinstein's sound reasoning to deny International's motion for rehearing, as there was another basis for the Court's refusal to enter summary judgment for International in its previous order. Even if the Court construed the ambiguous contract term against St. Paul, in favor of International, a material factual issue still remains regarding the alleged misrepresentations St. Paul claims International made when it sought coverage for the CHL2.

■ The federal maritime doctrine of uberrimae fidei requires the insured to make a full disclosure to the insurer of all the facts within his knowledge that are material to the risk insured. If the insured fails to make this disclosure the insurance contract is void. It does not matter whether the insured's failure to disclose was due to negligence, mistake, accident, or voluntary ignorance. *Steelmet, Inc. v. Caribe Towing Corp.,* 747 F.2d 689 (11th Cir.1984). St. Paul raised the doctrine in its amended complaint and in its motion for summary judgment against International. St. Paul stated, inter alia, that International knew or should have known that the CHL2 dry dock was in a deteriorated and unseaworthy condition and its failure to disclose the dock's condition entitled St. Paul to summary judgment. This Court held that St. Paul was not entitled to summary judgment because International's knowledge, or lack thereof, regarding the condition of the dry dock, was a triable issue of material fact. (Docket No. 94) However, in this case, the doctrine of uberrimae fidei is a two way street, also foreclosing International's attempt to obtain summary judgment.

If St. Paul can prove that International failed to disclose information material to the risk, the insurance contract will be void, regardless of whether the seaworthiness admitted clause waived the implied warranty of seaworthiness. The cases International relied on to claim that St. Paul waived the implied warranty of seaworthiness state this very proposition. In *Clinchfield Fuel Co. v. Aetna Ins. Co.,* 121 S.C. 305, 114 S.E. 543 (1922), the parties' insurance contract included a seaworthiness admitted clause. The Supreme Court of South Carolina stated that

the insurer could not raise the issue of seaworthiness unless it could show concealment on the part of the insured. The court went on to state that a showing of concealment would void the seaworthiness admitted clause as well as the other provisions in the contract.

The case of *Cantiere Meccanico Brindisino v. Janson,* 12 Asp.Mar.Cas. 246 (1912), is also persuasive. *Cantiere,* a 1912 English decision, is the only case offered by the parties, and discovered by the Court, that addresses a seaworthiness admitted clause in a dry dock insurance contract. All three (3) of the Lord Justices reading judgments believed that the seaworthiness admitted clause did not excuse the insured from his duty to notify the insurer of any information within his knowledge that was material to the risk.

■ The Court finds that St. Paul has established the existence of a genuine issue of material fact whether International failed to disclose information material to the risk when applying for insurance. Therefore, International is not entitled to summary judgment.

International attempts to argue against the application of uberrimae fidei in this case by claiming that the doctrine is not an entrenched federal doctrine. International claims that the Supreme Court, in *Wilburn Boat Co. v. Fireman's Fund Ins. Co.,* 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955), held that in the absence of entrenched federal law, state law should apply. In *Wilburn Boat Co.,* the Supreme Court addressed whether a federal admiralty rule governing warranties had been created by the judiciary. Finding that no such rule had been developed, the Supreme Court held that state law should apply.

While International's statement of the holding in *Wilburn Boat Co.* is correct on the issue of maritime warranties, the Eleventh Circuit has held on several occasions that the doctrine of uberrimae fidei is well settled in this circuit and is "the controlling federal rule even in the face of contrary state authority." *Steelmet, Inc. v. Caribe Towing Corp.,* 747 F.2d 689 (11th Cir.1984) (citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.,*

608 F.2d 145, 147 n. 1 (5th Cir.1979), *cert. denied*, 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980)).

 International points out that there is disagreement between the Circuits on whether uberrimae fidei is an entrenched federal doctrine. The Fifth Circuit, for example, has recently held that the doctrine is not entrenched and that state law controls. *Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882 (5th Cir.), *cert. denied*, 502 U.S. 901, 112 S.Ct. 279, 116 L.Ed.2d 230 (1991). International states that the Fifth Circuit's viewpoint is the correct one on this issue and that the Eleventh Circuit should follow along.

However, as the Fifth Circuit itself points out in *Albany Insurance*, the Eleventh Circuit follows the doctrine unless the parties contract around its requirements. *Id.* at 889 n. 6 (citing *King v. Allstate Ins. Co.*, 906 F.2d 1537, 1540 (11th Cir.1990)); *see also Gulfstream Cargo, Ltd. v. Reliance Ins. Co.*, 409 F.2d 974 (5th Cir.1969); *Jackson v. Leads Diamond Corp.*, 767 F.Supp. 268 (S.D.Fla. 1991).

Finding that the Eleventh Circuit regards uberrimae fidei as an entrenched federal doctrine, this Court holds that International is not entitled to summary judgment. A material issue of fact remains as to whether International complied with the doctrine's disclosure requirements.

Finally, upon review of the record and this Court's previous order, it appears that it is necessary to correct a statement made by this Court concerning the Eleventh Circuit's position on inadmissible evidence in affidavits submitted in opposition to a motion for summary judgment.

Although not expressly stated as it is in other circuits, it appears as though the Eleventh Circuit's holdings in *Church of Scientology Flag Service Org. v. City of Clearwater*, 2 F.3d 1514 (11th Cir.1993), and *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013 (11th Cir.1987), are in accord with the other circuits and Rule 56 of the Federal Rules of Civil Procedure, in that they require information submitted both in support of and in opposition to summary judgment, to be admissible even though the form of the information may be inadmissible. This clarification, however, does not effect the parties' rights in the present case. Accordingly, it is

**ORDERED** that International Ship Repair and Marine Services' motion for rehearing (Docket No. 95) be **DENIED.**

**DONE AND ORDERED.**