Janet JACKSON and Delois Evans, Plaintiffs,

v.

MOTEL 6 MULTIPURPOSES, INC., Motel 6, G.P., Inc., Motel 6 Operating L.P., IBL Limited, Inc., d/b/a Motel 6, and Accor S.A., Defendants.

Mario PETACCIA, et al., Plaintiffs,

v.

MOTEL 6, G.P., INC., and Motel 6 Operating L.P., d/b/a Motel 6, Defendants.

Nos. 96–72–CIV–FTM–17D, 96–115–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

March 19, 1997.

Michael J. Pucillo, C. Oliver Burt, III, Burt & Pucillo, Theodore J. Leopold, Edward M. Ricci, Ricci, Hubbard & Leopold, P.A., West Palm Beach, FL, Steven J. Routh, Craig A. Hoover, Hogan & Hoover, Joseph M. Sellers, Avis Buchanan, Washington Lawyers Committee for Civil Rights & Urban Affairs, Washington, DC, Michael C. Addison, Law Office of Michael C. Addison, Tampa, FL, for Janet Jackson, Delois Evans.

Neil Harvey Chonin, Chonin, Sher & Navarrete, P.A., Coral Gables, FL, Peter Kent Spriggs, John Clark Davis, Spriggs & Johnson, Tallahassee, FL, for Mario Petaccia, Brenda Hatcher, Tanya Charles, Chevron Screen, Jennifer Bethel, Pitrell Lambert–Brown.

Neil Harvey Chonin, Chonin, Sher & Navarrete, P.A., Coral Gables, FL, Steven J. Routh, Craig A. Hoover, Hogan & Hoover, Joseph M. Sellers, Avis Buchanan, Washington Lawyers Committee for Civil Rights & Urban Affairs, Washington, DC, Michael C. Addison, Law Office of Michael C. Addison, Tampa, FL, Peter Kent Spriggs, John Clark Davis, Spriggs & Johnson, Tallahassee, FL, C. Oliver Burt, III, Burt & Pucillo, Theodore J. Leopold, Edward M. Ricci, Ricci, Hubbard & Leopold, P.A., West Palm Beach, FL, for James Stern, Karl Baldwin, Marcian Killsnight.

Charles Alvin Wachter, John William Robinson, IV, Edward Martin Waller, Jr., Katherine C. Lake, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, Gregory M. Palmer, Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Ft. Lauderdale, FL, William O. Bittman, Michael F. Marino, John R. Erickson, Reed, Smith, Shaw & McClay, Washington, DC, for defendants Motel 6 Multipurpose, Inc., Motel 6

G.P., Inc., Motel 6 Operating L.P., IBL Limited, Inc., Accor S.A.

Charles Alvin Wachter, John William Robinson, IV, Edward Martin Waller, Jr., Katherine C. Lake, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, Dennis M. O'Hara, Robert E. Paradela, Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Ft. Lauderdale, FL, William O. Bittman, Michael F. Marino, John R. Erickson, Reed, Smith, Shaw & McClay, Washington, DC, for consolidated defendants Motel 6 G.P.,Inc., Motel 6 Operating L.P.

### ORDER DENYING DEFENDANTS' EMERGENCY MOTION TO STAY, ETC.

KOVACHEVICH, Chief Judge.

This expedited cause comes before the Court on the following documents:

(1) Defendants' Emergency Motion (1) To Stay Order of February 21, 1997 on United States Magistrate Judge's Report and Recommendation Pending Appeal, (2) For Certification of § 1292(b) Appeal, or in the Alternative, (3) For Rehearing and Reconsideration of Order (Docket No. 141) and accompanying request for oral argument (Docket No. 142);

(2) *Petaccia* Plaintiffs' Response to Defendants' Three Emergency Motions (Docket No. 146); and

(3) *Jackson* Plaintiff's Response to Defendants' Emergency Motion to Stay (Docket No. 144).

### MOTION TO STAY

■ The Court **denies** Motel 6's motion to stay the class communication order pending appeal. In order to be entitled to a stay, Motel 6 has the burden of showing: (1) that it is likely to prevail on the merits of appeal; (2) that absent a stay Motel 6 will suffer irreparable damage; (3) that the *Jackson* and/or *Petaccia* plaintiffs will not suffer substantial harm from the issuance of the stay; and (4) that the public interest will be served by issuing the stay. *Garcia–Mir v. Meese,*

781 F.2d 1450, 1453 (11th Cir.), *cert. denied,* 479 U.S. 889, 107 S.Ct. 289, 93 L.Ed.2d 263 (1986). In its purported "emergency" motion, Motel 6 fails to prove all four (4) prongs.

#### 1. Likelihood of Prevailing On Appeal.

First, the Court concludes that Motel 6 [1] is not likely to prevail on the merits of appeal. Motel 6 blatantly misrepresents the communication order by asserting that this Court failed to consider the potential for abuse. Rather, this Court cited the relevant portions of the Supreme Court's *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) opinion dealing with the potential for abuse. Order at 7 (citing 452 U.S. at 101–102, 101 S.Ct. at 2200–2201). Specifically, the Court found that "Motel 6 certainly has not shown any 'direct, immediate and irreparable harm' resulting from the *potential for abuse.*" Order at 8 (emphasis added). The Court then concluded that—given: (1) plaintiffs' counsels' representations as officers of the Court, (3) the absence of actual abuse, and (3) the ordered protocol—the potential abuses were sufficiently addressed in its "carefully drawn order that limits speech as little as possible." Order at 8; 452 U.S. at 101–102, 101 S.Ct. at 2200–2201.

Motel 6 also misrepresented the Court's Order by stating that it failed to consider its supporting affidavit of Emmett J. Gossen. The Court considered, and made a general reference to, that very affidavit in deciding that the circumstances of this case did not warrant a complete suspension of Rule 4.04(e), Local R. M.D. Fla. Order at 9 (stating that "Motel 6's concern about its goodwill and employee relations ... is corroborated by an affidavit").

Motel 6 is also not likely to prevail on its argument that the Fifth Circuit's en banc decision in *Bernard* is not binding precedent in this circuit. The Supreme Court addressed only one of the two (2) holdings in *Bernard:* the appropriateness of the district court's order under Rule 23, Fed.R.Civ.P. It did not address the First Amendment hold-

---

1. The Court will refer to Motel 6 as a singular defendant, although there are multiple defendants.

ing, citing precedent about avoiding constitutional issues if other grounds will justify the same result. As such, the Supreme Court remained neutral on the First Amendment issues, and the Fifth Circuit's en banc resolution of such issues remains intact, as the subsequently-created Eleventh Circuit implicitly recognized in *Kleiner v. First National Bank of Atlanta,* 751 F.2d 1193 (11th Cir.1985).

█ The Court is similarly unpersuaded by Motel 6's argument about Mr. Petaccia's credibility. While the credibility of a class representative may prove relevant to certification, it has little, if any, bearing on the permissibility of preliminary communications by the plaintiffs and their attorneys. Without any evidence to the contrary, this Court can only conclude that the complaints were filed in good faith and otherwise in compliance with Rule 11, Fed.R.Civ.P. As such, they carry the same pre-certification and pre-trial weight as any other complaints.

While Motel 6 correctly points out that this Court failed to specifically list Motel 6's Memorandum in Opposition to Plaintiffs' Objections (Docket No. 129) in its Order, it erroneously assumes that said document was not considered by the Court. Rather, as the *Petaccia* plaintiffs correctly point out, this omission was merely a scrivener's error. A review of the Court's work product reveals a courtesy copy of said document altered by the Court's highlights and hand-written notes. Thus, the Court assures all parties that it carefully considered all the arguments and submissions of counsel, including those in Motel 6's opposition memorandum (Docket No. 129).

Finally, to the extent that this Court has the discretion to grant a stay given the "balance of the equities," *Garcia–Mir,* 781 F.2d at 1453, the Court concludes that the equities easily tip in favor of not staying the communication order.

### 2. *Irreparable Damage Absent Stay.*

As to the second prong, Motel 6 fails to convince the Court that it will suffer irreparable damage if the communication order is not stayed. Again, Motel 6 premises at least one (1) of its arguments on a misrepresenta-

tion of the Court's Order. Motel 6 contends that the communication order permits nationwide dissemination of communication despite the "geographically limited actions giving rise to these suits." (citing Order at 10). However, Motel 6 conveniently omits the term "potentially" in front of the word "geographically." The corresponding argument is accordingly rejected for its false premise.

With regard to Motel 6's bare assertion that its business integrity is at stake, as nominally supported by the conclusory opinions of the affiant, the Court has already considered this issue in the communication order. Along with other concerns, the Court balanced the plaintiffs' needs and rights to communicate against the risks Motel 6 faces as a defendant in a case sought to be maintained as a class action. Given this balancing, the Court decided that mild restrictions on the plaintiffs' communications were more appropriate than a complete suspension of Rule 4.04(e) or, conversely, no leave from it. Therefore, Motel 6's present contention of irreparable harm is just as unconvincing as its prior one.

### 3. *Harm to the Plaintiffs.*

The Court concludes that staying the communication order would, in fact, substantially harm both the *Jackson* and *Petaccia* plaintiffs. Staying the communication order would be tantamount to denying the plaintiffs any leave from Rule 4.04(e), which the Court has already determined would violate plaintiffs' and their counsels' First Amendment Rights. Order at 8. Additionally, staying the communication order would hinder the plaintiffs' trial preparation.

### 4. *Public Interest.*

The public interest would not be served by issuing a stay. Rather, the Court agrees with the plaintiffs that staying the communication order would violate the First Amendment and, at least indirectly, harm the public, including potential class members. The Court summarily rejects Motel 6's hollow argument that preventing harm to its goodwill would necessarily benefit the public as would-be lodging guests. Furthermore, Motel 6 could not plausibly convince the Court

that its immediate appeal of the communication order, with the attendant time and expense, would in any way be intended to provide the Local Rules Advisory Committee with a "definitive ruling." Any immediate appeal by Motel 6 would be pursued in its own best interests, not the Middle District of Florida's.

### *MOTION TO CERTIFY APPEAL*

■ The Court **denies** Motel 6's motion for appellate certification. Under 28 U.S.C. § 1292(b),

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate . termination of litigation, he [or she] shall so state in writing in such order.

*Id.* In the present case, this district judge is "of the opinion" that the communication order is not suitable for immediate appeal.

#### *1. Controlling Question of Law*

The communication order does not involve any controlling question of law. Contrary to Motel 6's legally unsupported assertion, the communication order is more analogous to a discovery order than a class certification decision, in that it touches upon the plaintiffs' ability to prepare for, and analyze the strength of their case for, trial. Therefore, Motel 6's reliance on *Andrews v. American Telephone & Telegraph Co.*, 95 F.3d 1014 (11th Cir.1996), is misplaced, and the Court is more convinced by the case law cited by the *Jackson* plaintiffs regarding discovery.

#### *2. Substantial Ground for Difference of Opinion*

While counsel for Motel 6 may disagree with the communication order—perhaps because disagreeing is in the best interests of their client—there is no substantial ground for a difference of opinion. *Bernard v. Gulf Oil Co.* involved a "gag order" virtually identical to Rule 4.04(e). The Fifth Circuit, sitting en banc before a panel of twenty-two (22) circuit judges, only one(1) of whom dissented, held that this order was an unconstitutional prior restraint and inappropriate under Rule 23(d), Fed.R.Civ.P. 619 F.2d 459, 477–78 (5th.Cir.1980). The Supreme Court unanimously affirmed the latter holding and observed that "the order involved serious restraints on expression." 452 U.S. at 103–104, 101 S.Ct. at 2202. Practically speaking, including the undersigned and the district judge in *Bernard,* that equates to thirty-one (31) judicial officers against two (2)—hardly a "substantial ground for a difference of opinion."

#### *3. Material Advancement*

Just as the Court is "of the opinion" that the communication order involves neither a controlling issue of law nor substantial ground for disagreement, it is "of the opinion" that an immediate appeal of the order would not "materially advance the ultimate termination of litigation." 28 U.S.C. § 1292(b). Motel 6's three (3) sentence argument on this prong is unconvincing; class communication is merely a sub-issue in this case.

### *MOTION FOR RECONSIDERATION*

■ District Courts are granted broad discretion to amend prior decisions. *See, e.g., O'Neal v. Kennamer,* 958 F.2d 1044, 1047 (11th Cir.1992). The standards for reconsideration followed by this Court are listed in *Prudential Securities, Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D.Fla.1996), and *International Ship Repair and Marine Services, Inc., v. St. Paul Fire and Marine Insurance Co.,* 922 F.Supp. 577, 578 (M.D.Fla.1996). The applicable standard for this motion is the need to correct clear error or prevent manifest injustice, in that there has been no change in controlling law and Motel 6 has not discovered new evidence.

Motel 6 fails to meet its reconsideration burden. The Court rejects its arguments under section III, A–C and E, for the same reasons expressed herein. (Docket No. 141, pp. 16–18). As to Motel 6's argument in section III, D, the Court rejects the potential for "drumming up" class action participation in this case as nothing more than the "mere

possibility of abuse[ |]." 452 U.S. àt 104, 101 S.Ct. at 2202. Also, with regard to Motel 6's reliance on an affidavit from William Thomas Peterson, Jr., the Court fails to find any probative value in said affidavit, especially since nothing in it corroborates Motel 6's suggestion that the communication order will result in a boycott of its motels by the NAACP.

Finally, as to Motel 6's contention that the communication order has a "outrageous overarching result" (Docket No. 141, p. 19, III, F), the Court rejects it as ludicrous. The communication order in this case certainly does not "allow any plaintiff, making *mere allegations* of a nationwide class action, to endeavor on a nationwide advertising campaign in order to attempt to substantiate his allegations." While this Court's order may persuade other courts to shift the burden of justifying some or all of the communication restrictions listed in Rule 4.04(e), Local R. M.D. Fla., from the plaintiff(s) to the defendant(s), it certainly should not be construed so as to prevent a court from granting protective relief where warranted. The restrictions (or, as Motel 6 would characterize them, lack of restrictions) imposed on the *Jackson* and *Petaccia* plaintiffs and their attorneys were based on the unique record and circumstances of this case.

In sum, Motel 6 fails to show any clear error or manifest injustice created by the communication order. Thus, it remains intact and unaltered. Accordingly, it is

ORDERED that the defendants' emergency motion (Docket No. 141) be **DENIED IN ITS ENTIRETY;** and the Defendants' Request for Oral Argument (Docket No. 142) be **DENIED** and unnecessary and moot.