Lawrence **GOLDEN**, Plaintiff,

v.

**DODGE–MARKHAM CO., INC.**, Defendant.

No. 97–2820–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

April 17, 1998.

Cynthia Sass, Creasy & Sass, Bradley M. Bole, Bole & Sass, Tampa, FL, for Plaintiff.

John P. McAdams, Cathleen G. Bell, Youndy C. Cook, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, for Defendant.

### ORDER ON PLAINTIFF'S MOTION FOR REMAND

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's Motion for Remand and Memorandum of Law in support thereof, (Docket No. 7), and Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand (Docket No. 13). Plaintiff subsequently filed a Notice of Supplemental Authority in support of his Motion for Remand (Docket No. 19). Upon review of the motions and supporting memoranda filed by the parties, this Court finds that we are without jurisdiction to entertain this suit. Therefore, pursuant to 28 U.S.C. § 1447(c), we remand the case back to the Thirteenth Judicial Circuit in and for Hillsborough County. Plaintiff's Motion for Remand is GRANTED.

### I. BACKGROUND.

Plaintiff LAWRENCE GOLDEN brought this suit in state court in an action based on wrongful termination and retaliatory personnel action pursuant to Fla.Stat. §§ 448.101–448.105. (Docket No. 2, ¶ 1.) Defendant removed this case to federal court under 28 U.S.C. § 1441(a), on the grounds that this

**1362**

Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) (Docket No. 1).

Plaintiff filed his complaint on October 17, 1997, and alleged the following. Defendant DODGE–MARKHAM CO., INC. hired Plaintiff in June 1995 and offered him a full-time job at a salary of $60,000.00 (Docket No. 2, ¶¶ 8, 11). Plaintiff was later promoted and given a $90,000.00 salary (Docket No. 2, ¶ 12). Plaintiff then moved to Tampa, Florida and opened an office where he conducted business for the Defendant (Docket No. 2, ¶ 13).

Plaintiff was employed by the Defendant, in Hillsborough County, from November 1996 to June 1997 (Docket No. 2, ¶ 6). The Defendant raised Plaintiff's salary to $100,000.00 for his outstanding job performance (Docket No. 2, ¶ 14). Thereafter, the Plaintiff alleges he was informed that employees of the Defendant were participating in illegal activities, and that the Defendant's President had knowledge of these activities, which he refused to correct (Docket No. 2, ¶¶ 15–21). Plaintiff, on repeated occasions, made his supervisor and the Defendant's CEO aware of this problem (Docket No. 2, ¶¶ 22–26).[1] Consequently, the Defendant took retaliatory action and terminated Plaintiff's employment (Docket No. 2, ¶¶ 15–26).

Plaintiff alleges that his termination resulted in loss of income, wages and benefits, damage to his reputation and standing in his profession and the community, and other damages yet to be determined (Docket No. 2, ¶ 34). However, in the *ad damnum* clause, Plaintiff requested that the state court award him damages which included: compensation for lost wages, benefits and other remunerations;[2] prejudgment interest on all monetary awards; attorney's fees, court costs and expenses pursuant to Fla.Stat. § 448.104; and all other compensatory damages allowable at law (Docket No. 2, ¶ 36). Furthermore, Plaintiff's Complaint specifically alleges that the amount in controversy is less than $75,000.00, including attorney's fees and excluding interests and costs (Docket No. 2, ¶ 5). On November 25, 1997, Defendant timely filed a Notice of Removal pursuant to 28 U.S.C. § 1446(b) (Docket No. 1, ¶ 2).[3]

## II. STANDARD OF REVIEW.

The burden of establishing federal jurisdiction falls on the party attempting to remove a case from state court. *See Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir.1961). The removing party must make "an affirmative showing ... of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted." *Id.* at 255. Furthermore, for the purpose of establishing the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Gaitor*, 287 F.2d at 254.

When an *ad damnum* clause includes a demand for a specific amount of damages which is less than the jurisdictional amount, the defendant is "required to prove *to a legal certainty* that plaintiff, if [he or] she prevailed, would not recover below [$75,000.00]." *Burns v. Windsor Ins. Co.*, 31 F.3d

---

**1.** Plaintiff chooses to allege the exact dates on when he became aware of the illegal activity, when he reported the activity to the Defendant's CEO and President, and when he finally sent a letter, via facsimile and registered mail, to the Defendant's President (Docket No. 2, ¶¶ 22–25). Plaintiff fails to specify, for reasons unknown to this Court, the exact date on which he was terminated (Docket No. 2, ¶ 26). However, because the Plaintiff alleges that he was employed until June 1997, (Docket No. 2, ¶ 6), this Court, for purposes of this motion, determines Plaintiff's employment was terminated on June 30, 1997. Therefore, this date will control when determining the amount in controversy regarding Plaintiff's demand for lost wages, benefits and other remunerations.

**2.** Remuneration is defined as "Payment; reimbursement. Reward; recompense; salary; compensation." *Black's Law Dictionary* 1296 (6th ed.1990).

**3.** Defendant accepted service of the Summons and Complaint on October 28, 1997 (Docket No. 1, ¶ 2). Under section 1446(b), "The notice of removal ... shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." 28 U.S.C. § 1446(b) (1994).

1092, 1097 (11th Cir.1994) (emphasis added). In other words, the defendant must show that "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000.00]." *Id.* at 1096. However, to sustain federal removal jurisdiction based on diversity of citizenship in a case in which the complaint as filed in a state court seeks an unspecified amount of damages, the burden is on the defendant to prove by the preponderance of the evidence that the amount in controversy, exclusive of interests and costs, exceeds $75,000.00. *See, e.g., Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1357 (11th Cir.1996); *Standridge v. Wal–Mart Stores, Inc.,* 945 F.Supp. 252, 256 (N.D.Ga.1996).

## III.  DISCUSSION.

The Plaintiff and Defendant in the instant case are of diverse citizenship, a point contested by neither party. Therefore, the question presented is whether the Plaintiff's claim satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a). However, before addressing this issue, this Court will first determine what burden of proof the Defendant must bear in demonstrating the amount in controversy requirement.

### A.  Defendant's Burden of Proof.

Plaintiff asserts that Defendant's Notice of Removal has failed to meet its burden of proving to a legal certainty that this Court has subject matter jurisdiction. In support of this argument, Plaintiff relies heavily on the Eleventh Circuit decision in *Burns v. Windsor Ins. Co.,* 31 F.3d 1092 (11th Cir. 1994). Defendant, however, claims the legal certainty standard does not apply because Plaintiff has not made a specific demand in the *ad damnum* clause of the complaint. Defendant refers to *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir. 1996), where the Eleventh Circuit held that an unspecified demand for damages requires the defendant to prove the amount in controversy by a preponderance of the evidence. This Court agrees with the Defendant.

The facts in the instant case are more on point with the facts in *Tapscott,* and can be distinguished from the facts in *Burns.* In *Burns,* the "plaintiff filed suit in state court specifically requesting $45,000.00, five thousand dollars less than the jurisdictional amount." 31 F.3d at 1094. In *Tapscott,* the plaintiffs sought "statutory damages, unspecified compensatory and punitive damages, and injunctive relief." 77 F.3d at 1355. Here, Plaintiff's *ad damnum* clause does not specify any dollar amount, it merely makes a general demand for certain types of relief. Therefore, Plaintiff has made an unspecified demand for damages and Defendant's burden is to prove the amount in controversy exceeds the jurisdictional amount by a preponderance of the evidence.

### B.  Amount in Controversy.

In support of the Notice of Removal, the Defendant alleged that Plaintiff's jurisdictional allegation that "[t]he amount in controversy is less than seventy-five thousand dollars ($75,000.00), including attorney's fees and excluding interests and costs," was not made in good faith and intended solely to avoid legitimate removal jurisdiction (Docket No. 1, ¶¶ 9–10). Specifically, Defendant used Plaintiff's settlement demand, draft complaint alleging federal jurisdiction, and refusal to stipulate that damages would not exceed $75,000.00 as support (Docket No. 1, ¶¶ 11–12).

Furthermore, Defendant alleged that Plaintiff's Complaint facially established that the matter exceeded the sum or value of $75,000.00 (Docket No. 1, ¶ 13). In support of this contention, Defendant points to Plaintiff's allegation that his damages included: loss of income, wages and benefits; damages to reputation; damages to professional and community standing; and other damages yet to be determined (Docket No. 1, ¶ 14). Defendant also refers to Plaintiff's amount of back pay for approximately five months, other compensatory damages allowable at law, and the fact that Plaintiff would be entitled to attorney's fees if he prevailed (Docket No. 1, ¶ 15). This, Defendant argues, could entitle Plaintiff to thousands of dollars in damages and fees (Docket No. 1, ¶ 15). Defendant made no other offers of proof.

Plaintiff contends Defendant's argument, that Plaintiff's jurisdictional allegation that the amount in controversy is less than $75,-000.00 was not made in good faith and intended to avoid removal jurisdiction, is irrelevant and deficient. In addition, Plaintiff argues that a settlement demand and draft complaint are not evidence of the amount of damages. Finally, Plaintiff asserts that the Defendant does not make any argument in the Notice of Removal that damages are actually $300,000.00.

Plaintiff next claims that the Defendant's argument, for why Plaintiff's damages are greater than the jurisdictional amount, is deficient. Specifically, Plaintiff points to the fact that the Defendant concedes that the amount of back pay accrued is below the jurisdictional amount. Plaintiff argues that the Defendant merely alleges that his damages could entitle him to "thousands of dollars," and gives no explanation to support this assertion.

Defendant, however, argues that the amount in controversy exceeds $75,000.00. In support of this argument, Defendant states Plaintiff's lost wages were approximately $41,000.00 and that this figure excluded benefits, which can be assumed to have some value. In addition, Defendant states that Plaintiff is seeking "all other compensatory damages allowable at law" and "other damages which have yet to be determined." Next, Defendant argues that attorney's fees must also be included. Finally, Defendant asks this Court to consider Plaintiff's settlement demand and refusal to stipulate that damages do not exceed $75,000.00 as evidence the jurisdictional amount is met.

## 1. Good Faith.

■ This Court finds that Plaintiff's jurisdictional allegation regarding the amount in controversy was in good faith. The Plaintiff could have simply alleged in his complaint that the state court had proper jurisdiction because the amount in controversy exceeded $15,000.00. If Plaintiff had done so, and the facts of this case remained the same, the issue now being considered by this Court would still exist. However, Plaintiff chose not to do so. It is well known that the

Plaintiff is the master of his own complaint. *See, e.g., Burns,* 31 F.3d at 1095. *See generally,* 14A *Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,* Federal Practice and Procedure § 3702 (2d ed.1985). In addition, according to the Florida Rules of Civil Procedure, Plaintiff is only required to make a "short and plain statement of the grounds upon which the court's jurisdiction depends ...." Fla.R.Civ.P. 1.110(b)(1). Defendant has presented no evidence to persuade this Court to rule otherwise.

Regarding Plaintiff's settlement offer, this Court may consider it when determining whether the case should be remanded. *See Burns,* 31 F.3d at 1097 (stating "settlement offer, by itself, may not be determinative, [but] it counts for something"); *see also Progressive Specialty Ins. Co. v. Nobles,* 928 F.Supp. 1096, 1098 (M.D.Ala.1996). In *Burns,* the plaintiff offered to settle the case after suit was filed. *See* 31 F.3d at 1097. This case, however, presents a different situation. Plaintiff, prior to filing suit, sent the Defendant a demand letter.

■ A settlement demand is typically a part of the civil litigation process. *See Golden Apple Management Co. v. GEAC Computers, Inc.,* 1998 WL 21695, at *3 (M.D.Ala. Jan.13, 1998). Generally, defendants can use demand letters, as "other paper" under 28 U.S.C. § 1446(b), to determine whether a case is removable. *See, e.g., Stramel v. GE Capital Small Bus. Fin. Corp.,* 955 F.Supp. 65, 68 (E.D.Tex.1997); *Sunburst Bank v. Summit Acceptance Corp.,* 878 F.Supp. 77, 82 (S.D.Miss.1995). Here, Defendant properly used Plaintiff's settlement demand as notice that this case could be removed to federal court. However, Defendant has not persuaded this Court that Plaintiff's settlement demand was an honest assessment of damages. *Cf. Broderick v. Dellasandro,* 859 F.Supp. 176, 179 (E.D.Pa.1994) (discussing difference between settlement demand letters that offer an honest assessment of damages and those that are mere posturing); *Sfirakis v. Allstate Ins. Co.,* 1991 WL 147482, at *3 (E.D.Pa. July 24, 1991) (explaining how a $300,000.00 post-complaint settlement demand, where complaint unequivocally states that damages do not exceed $20,000.00 and

was filed in a court of limited jurisdiction, was too cryptic to be considered anymore than "posturing by counsel seeking to stake out a position for settlement purposes"). Therefore, this Court will not consider Plaintiff's settlement demand as evidence the amount in controversy is satisfied.

■ This Court now turns to Plaintiffs failure to stipulate with the Defendant. Relying on *Griffin v. Holmes*, 843 F.Supp. 81 (E.D.N.C.1993), Defendant argues Plaintiff's refusal to stipulate is a factor establishing damages exceed the amount in controversy. However, *Griffin* can be distinguished from the facts in this case. In *Griffin*, the plaintiff, in support of his motion to remand, made the following stipulation:

> COMES NOW the plaintiff, and hereby stipulates and admits that the total amount of all damages he seeks from defendants is less than [$75,000.00], exclusive of interest of costs. The matters in controversy and the amounts involved in the cause of action set out in plaintiff's complaint filed in the state court action is less than [$75,000.00].

*Griffin*, 843 F.Supp. at 82. The court in *Griffin* agreed with decisions "characterizing a post-removal amount-in-controversy stipulation as a clarification permitted by Saint Paul, not an amendment forbidden by Saint Paul." *Id.* at 87–88 (referring to *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). Furthermore, North Carolina Rule of Civil Procedure 8(a)(2) permits a defendant, who wants to know the exact amount of punitive damages sought by the plaintiff, to request such a stipulation. *See id.* at 87. Upon such a request, "the [plaintiff] shall ... provide such statement." *Id.* Thus, plaintiff's stipulation was accepted and the case was remanded back to state court. *See id.* at 88.

In the instant case, Plaintiff refused to stipulate directly with the Defendant that damages would be limited to $75,000.00. Plaintiff has, however, filed a Notice of Supplemental Authority in support of his Motion

for Remand (Docket No. 19). In this Notice of Supplemental Authority, Plaintiff recalculates his damages and stipulates "that as of the date of this filing, his damages do not exceed $40,000.00." In light of this stipulation, Plaintiff does not stipulate and admit, like in *Griffin*, that the total amount of all damages he seeks from the Defendant is less than $75,000.00, exclusive of interest of costs. Therefore, this Court will not treat it as such. However, neither party has cited this Court to a rule that indicates Plaintiff must stipulate to certain damages where Defendant is permitted to make such a request. Thus, Defendant has failed to persuade this Court that failure to stipulate is evidence the amount in controversy exceeds the jurisdictional amount.

### 2. Plaintiff's *ad damnum* clause.

■ This Court will now address Plaintiff's *ad damnum* clause. Specifically, Plaintiff seeks compensation for lost wages, benefits and other remunerations; prejudgment interest on all monetary awards; attorney's fees, court costs and expenses pursuant to Fla.Stat. § 448.104; and all other compensatory damages allowable at law. This Court notes, however, that the Florida Rules of Civil Procedure do not require plaintiffs to demand a specific amount of damages in their complaints.[4] *See* Fla.R.Civ.P. 1.110 cmt.

In Florida, employees that have been the object of retaliatory personnel action are provided with certain remedies. *See* Fla.Stat. § 448.103 (1997). Under section 448.103(2):

> In any action brought pursuant to subsection (1), the court may order relief as follows:
>
> (a) An injunction restraining continued violation of this act.
>
> (b) Reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position.

---

4. Under the Florida Rules of Civil Procedure:
   A pleading which sets forth a claim for relief ... must state a cause of action and shall contain ... (3) a demand for judgment for the relief to which the pleader deems himself or

herself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to demand general relief.
Fla.R.Civ.P. 1.110(b).

(c) Reinstatement of full fringe benefits and seniority rights.

(d) Compensation for lost wages, benefits, and other remuneration.

(e) Any other compensatory damages allowable at law.

*Id.* According to this section, it appears Plaintiff has only elected to seek remedies under subsections (2)(d) and (2)(e).

At the time of removal, Plaintiff's accrued lost wages, benefits, and other remunerations totaled $40,277.57.[5] Defendant does not offer any evidence that Plaintiff would be entitled to any other payments, reimbursements, rewards, recompense, or compensation.

■ Pursuant to 28 U.S.C. § 1332(a), interest and costs are excluded when determining the amount in controversy. Therefore, this Court will not consider Plaintiff's request for prejudgment interest. Attorney's fees will also not be considered.

First, attorney's fees are not listed as a remedy available to employees under Fla. Stat. § 448.103. They are, however, provided for pursuant to section 448.104, which states "A court may award reasonable attorney's fees, court costs, and expenses to the prevailing party." Fla.Stat. § 448.104 (1997).

Second, by including attorney's fees with court costs and expenses, it logically follows that they are considered just that—costs and expenses, which are excluded under 28 U.S.C. § 1332(a). Furthermore, this Court previously addressed this issue in *Action Orthopedics, Inc. v. Techmedica, Inc.,* 759 F.Supp. 1566, 1572 (M.D.Fla.1991). In *Techmedica,* this Court stated:

> [A]bsent a finding that attorney fees awarded under Florida law constitute "costs," this Court is not persuaded that existing authority paves the way for inclusion of attorney fees in a determination of amount in controversy. In so deciding,

this Court is mindful of the intent of Congress in raising the amount in controversy requirement. Any contrary ruling by this Court would do violence to the result intended by Congress when it substantially raised the amount in controversy requirement.

*Id.*

The Defendant has also failed to establish that the amount due to the Plaintiff, regarding his claim for compensatory damages, would bring this case within the jurisdiction of this Court. Compensatory damages are extremely nebulous. Making a general blanket statement that, if Plaintiff prevails, compensatory damages could certainly entitle him to thousands of dollars, does not rise to the levels of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75.000.00. Therefore, this Court finds that the amount in controversy was $40,277.57 when the Defendant filed its Notice of Removal.

## IV. CONCLUSION.

For the forgoing reasons, this Court finds that Defendant has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 (SEVENTY FIVE THOUSAND DOLLARS), exclusive of interests and costs. Therefore, pursuant to 28 U.S.C. § 1447(c), we remand the case back to the Thirteenth Judicial Circuit in and for Hillsborough County. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Remand, (Docket No. 13), is **GRANTED** and the Clerk of Court is **DIRECTED** to remand this cause to the Thirteenth Judicial Circuit in and for Hillsborough County.

---

5. This Court arrived at this figure by using the following mathematical calculations:

1. Plaintiff's salary at the time he was terminated was $100,000.00, which computes to $8,333.33 per month. ($100,000.00 ÷ 12 = $8,333.33)

2. Plaintiff was terminated on June 30, 1997. Therefore, at the time of removal, four months and twenty five days had passed.

3. There were thirty (30) days in the month of November; therefore Plaintiff earned $277.77 per day. ($8,333.33 ÷ 30 = $277.77)

4. In the first four months, Plaintiff would have earned $33,333.32. ($8,333.33 × 4 = $33,333.32) In the first twenty five days of November, Plaintiff would have earned $6,944.25. ($277.77 × 25 = $6,944.25)

5. Four months and twenty five days of lost wages equals $40,277.57. ($33,333.32 + $6,944.25 = $40,277.57)