Ricardo PONCE, et al., Plaintiffs,

v.

FONTAINEBLEAU RESORTS, LLC, Defendant.

Case No. 09–21548–CIV

United States District Court, S.D. Florida, Miami Division.

July 13, 2009.

Lawrence Joseph McGuinness, Miami, FL, for Plaintiffs.

Abigail Hanni Kofman, David Andrew Buchsbaum, Fisher & Phillips LLP, Ft. Lauderdale, FL, for Defendant.

## *ORDER*

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court on the Motion to Remand of Plaintiffs Ricardo Ponce, John Torres, Estela Zayas, and Tereso Armuelles (collectively, the "Plaintiffs") [D.E. 6], filed June 19, 2009. The Court has carefully considered the parties' written submissions and the applicable law.

## I. BACKGROUND

Defendant, Fontainebleau Resorts, LLC ("Fontainebleau"), employed Plaintiffs, who were each over the age of forty, as servers. After a "new and young" banquet manager was hired in 2008, he and his assistant manager made derogatory and discriminatory remarks to Plaintiffs, and campaigned to scrutinize and to criticize their work more harshly than that of their younger colleagues. This was done, the Plaintiffs allege, "in an effort to cull out all of the older employees." (Compl. ¶ 5). Plaintiffs were fired in late 2008, allegedly because of their age.

On May 15, 2009, Plaintiffs sued Fontainebleau in Florida state court for age discrimination in violation of the Florida Civil Rights Act (the "FCRA"), chapter 760 of the Florida Statutes. Plaintiffs' one-count Complaint seeks declaratory and injunctive relief, as well as back pay, front pay, and all other damages under the FCRA. (*Id.* ¶ 1). Plaintiffs seek attorney's fees and punitive damages as well. "Plaintiffs' individual claims for damages exceed[ ] $15,000.00 but do not exceed the sum of $75,000.00 for any and all relief available to them under the Act." (*Id.*). Plaintiffs' Complaint ends as follows:

### *PRAYER FOR RELIEF*

**WHEREFORE,** Plaintiffs respectfully request this Court to enter a judgment awarding them all such legal, equitable, and monetary relief (within the self-imposed damage limitation of less than $75,000.00 per Plaintiff as provided [in the first paragraph of the Complaint]) as will effectuate the purpose of the Act, including but not limited to:

a. Awarding appropriate damages, including punitive damages, to Plaintiffs available under the Act;

b. Issuing a Declaratory Judgment that Defendant's practices are violative of Plaintiffs' rights under the Act;

c. Enjoining Defendant from continuing or maintaining the policy, practice, and custom of denying older employees their rights secured by the Act;

d. Restoring Plaintiffs with credits of all other employee benefits they would have received but for Defendant's discrimination; and

e. Granting Plaintiffs their costs and a reasonable award of attorney[']s fees pursuant to the Act.

(*Id.* at 5).

On June 8, 2009, Fontainebleau filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that the Court has original jurisdiction over the action under 28 U.S.C. § 1332. As grounds therefor, Fontainebleau states it is incorporated in Delaware and has its principal place of business in Nevada, and that Plaintiffs are citizens of Florida. Fontainebleau states that "[u]pon information and belief, based on the facts set forth in the Complaint, Plaintiffs are seeking more than $75,000.00 in damages, exclusive of interest and costs." (Notice [D.E. 1] ¶ 6(c)). Fontainebleau states Plaintiffs earned between $21,000 and $25,000 annually. Fontainebleau notes that compensatory damages are unlimited under the FCRA, punitive damages are capped at $100,000 thereunder, and Plaintiffs are seeking attorney's fees. "[W]hen considering Plaintiffs' demands," Fontainebleau states, "the amount in controversy, for purposes of diversity jurisdiction, well exceeds $75,000.00." (*Id.* ¶ 6(h)).

On June 19, 2009, Plaintiffs filed the Motion to Remand because "their individual claims against Defendant do not meet the jurisdictional threshold … as mandated by 28 U.S.C. § 1332." (Pls.' Mot. at 2). Plaintiffs state that their claims for damages—exceeding $15,000 but less than $75,000—are indicated conspicuously in the first paragraph and in the prayer for relief of the Complaint. According to Fontainebleau, however, Plaintiffs have not made a specific demand for damages but only "a series of general unspecified-in-amount demands." (Def.'s Resp. [D.E. 14] at 3–4). Fontainebleau contends that "the full array" of damages Plaintiffs seek—back pay, front pay, compensatory damages, punitive damages, attorney's fees—more likely than not exceeds $75,000. Fontainebleau notes the refusal of Plaintiffs' counsel to sign a binding stipulation that Plaintiffs will neither seek nor accept more than $75,000 in damages, inclusive of attorney's fees.

## II. LEGAL STANDARD

■■■ If a civil action, brought in state court, could have been brought in federal court at the outset, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1441(a). Accordingly, "when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Federal courts are courts of limited jurisdiction," *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994), and if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c). The party attempting to invoke federal jurisdiction bears the burden of establishing it. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329–30 & n. 8 (11th Cir.2006). When the "plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

## III. ANALYSIS

Under 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions where the matter is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Thus, if Fontainebleau establishes that the requirements of diversity citizenship are met, then this action remains in federal court. Plaintiffs and Fontainebleau agree that the action is between citizens of different states. They disagree, however, about whether the matter in controversy exceeds the sum or value of $75,000. Fontainebleau bears the burden of establishing that Plaintiffs' claims exceed the amount-in-controversy requirement.

### 1. Burden of Proof

 In the Eleventh Circuit, there are two burdens of proof for defendants seeking to establish that a plaintiff's claim exceeds the amount-in-controversy requirement. Where a "plaintiff asserts in her *ad damnum* clause a specific claim for less than the jurisdictional amount, [the] defendant, to establish removal jurisdiction, [i]s required to prove to a legal certainty that plaintiff, if she prevailed, would not recover below [the amount-in-controversy requirement]." *Burns*, 31 F.3d at 1097. But "where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by the preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir.2007). The "lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072–77 (11th Cir.2000). Plaintiffs claim that because they expressly limited their claims to less than $75,000, the former burden of proof applies. (*See* Pls.' Reply [D.E. 15] Ex. 1). Fontainebleau asserts that the latter burden of proof applies.

In *Burns*—the case on which Plaintiffs rely—a plaintiff sued in state court for "actual and punitive damages 'in such sum as the jury determines to be just, lawful, and fair, but not more than $45,000 plus costs.'" 31 F.3d at 1094. The defendant removed the action to federal court, and the plaintiff moved to remand. *Id.* After the defendant argued that the amount in controversy exceeded $50,000,[1] the district court ordered the plaintiff to file a statement that she would not collect more than $50,000 in the future, and denied the plaintiff's motion when she refused to do so. *Id.* The U.S. Court of Appeals for the Eleventh Circuit vacated and remanded the district court's denial of the plaintiff's motion to remand. *Id.* at 1097. "[B]ecause plaintiff asserts in her *ad damnum* clause a specific claim for less than the jurisdictional amount, defendant, to establish removal jurisdiction, was required to prove to a legal certainty that plaintiff, if she prevailed, would not recover below $50,000." *Id.* The Eleventh Circuit concluded the defendant did not meet its burden. *Id.*

Fontainebleau contends that *Burns* "is completely inapposite to the case at bar" because there the "plaintiff's 'complaint specifically requests $45,000 in damages.'" (Def.'s Resp. at 2 n. 1 (quoting *Burns*, 31 F.3d at 1095)). According to Fontainebleau, because Plaintiffs' *ad damnum* clause requests an unspecified amount of damages, *Burns* is distinguishable and the preponderance-of-the-evidence standard applies.

 Fontainebleau, to be sure, quotes accurately from *Burns*. But the quotation—"Plaintiff's complaint specifically requests $45,000 in damages"—was made based on the Eleventh Circuit's *review* of

---

1. Until 1996 the amount-in-controversy requirement was $50,000. *See* Richard H. Fallon, Jr. et al., Hart and Wechsler's The Federal Courts and The Federal System 1472 (5th ed.2003).

the complaint at issue, excerpts of which appear twice in the opinion. *See Burns,* 31 F.3d at 1093, 1094. Asserting here that Plaintiffs' *ad damnum* clause requests an unspecified amount of damages begs the question, What constitutes an unspecified amount of damages? On review of a complaint nearly identical to Plaintiffs,' that question was answered in *Burns.* And, like the Complaint here, the one in *Burns* contemplated an ultimate award of less than a certain amount. *Id.* at 1094 ("She sought actual and punitive damages '*in such sum as the jury determines to be just, lawful, and fair,* but not more than $45,000 plus costs.'" (emphasis added)). The jury may well have determined that a "just, lawful, and fair" sum was less than $45,000. The inescapable conclusion is that it was the ceiling of the damages that the Eleventh Circuit regarded as controlling in deciding that the plaintiff's request for damages was for a specific amount.[2]

The Eleventh Circuit is not alone in coming to this conclusion. In *De Aguilar v. Boeing Company,* the U.S. Court of Appeals for the Fifth Circuit treated a state-court complaint alleging that the plaintiffs' damages did not exceed $50,000 as one for a specific amount of damages. 47 F.3d 1404 (5th Cir.1995). There, the Fifth Circuit stated,

> strictly speaking, plaintiffs have not alleged a specific amount of damages, as the amount they claim can range from $1 to $50,000. We will treat the claim, however, as one for a specific amount of damages.... We regard such a complaint as more like a claim for one sum rather than a claim for an unlimited or an unspecified amount of damages; to reason otherwise would put form over substance. As a functional matter, plaintiffs are attempting to avoid federal jurisdiction. This goal is the same whether they pick a number such as $49,999 or

merely announce a ceiling that, conveniently, is barely within the statutory limit.

*Id.* at 1408 (footnote call number omitted); *accord Saberton v. Sears Roebuck & Co.,* 392 F.Supp.2d 1358, 1360 (M.D.Fla.2005) ("Plaintiff's complaint alleges 'damages exceeding $15,000 but less than $74,999.' As such, this case is controlled by *Burns* ...." (citation omitted)). The complaint in *De Aguilar,* like the ones in *Burns* and in *Saberton,* is on all fours with Plaintiffs.'

Fontainebleau relies on three cases in which plaintiffs were found not to have pleaded a specific amount of damages and the preponderance-of-the-evidence standard applied. *See Barnes v. JetBlue Airways Corp.,* No. 07–60441–CIV–COHN, 2007 WL 1362504, at *1 & n. 1 (S.D.Fla. May 7, 2007) (concluding that a plaintiff who alleged his damages exceeded $15,000 but less than $75,000 did not plead a specific amount of damages "because Plaintiff has not made a specific demand in the *ad damnum* clause of the complaint, [and] the damages are unspecified"); *Teneyck v. Asco Healthcare, Inc.,* No. 6:05–cv–51–Orl–31DAB, at 1 & 2 n. 1 (M.D.Fla.Feb.16, 2005) (similar); *Golden v. Dodge–Markham Co.,* 1 F.Supp.2d 1360, 1363 (M.D.Fla. 1998) (similar).

Fontainebleau contends that Plaintiffs' Complaint is like those in *Golden* and *Barnes* because "Plaintiffs have not made a specific demand for damages in the *ad damnum* clause of the Complaint. Rather, Plaintiffs make a series of general unspecified-in-amount demands for 'all legal, equitable and monetary relief,' including without limitation, back pay, punitive damages, declaratory relief, reinstatement, and attorney's fees." (Def.'s Resp. at 3–4). In *Barnes* and *Golden,* the courts found the damages were unspecified, in part, because the plaintiffs did not make specific de-

---

**2.** The ceiling here—"less than $75,000.00"— is $74,999.99.

mands in the *ad damnum* clauses of the complaints. *See Barnes,* 2007 WL 1362504, at *1 n. 1 ("[B]ecause Plaintiff has not made a specific demand in the *ad damnum* clause of the complaint, the damages are unspecified, and the preponderance of evidence standard applies."); *Golden,* 1 F.Supp.2d at 1363 ("Plaintiff's *ad damnum* clause does not specify any dollar amount, it merely makes a general demand for certain types of relief.").

*Barnes* and *Golden* do not compel a different result here. Under *Burns, De Aguilar,* and *Saberton*—and as the Court has found—Plaintiffs did make a specific demand for damages. And, unlike the plaintiffs in *Barnes* and *Golden,* the Plaintiffs' demand *was* placed in the *ad damnum* clause of their Complaint [3]

Furthermore, Fontainebleau's quotation of Plaintiffs' Complaint is somewhat misleading. Plaintiffs do pray for "all such legal, equitable, and monetary relief . . . as will effectuate the purpose of the Act, including but not limited to" the kinds of damages that Fontainebleau lists. But the "including but not limited to" language refers to "all such legal, equitable, and monetary relief . . . as will effectuate the purposes of the Act." And Plaintiffs expressly impose a limit of "all such legal, equitable, and monetary relief" to "less than $75,000.00 per Plaintiff." The "including but not limited to" language does not expand the sum or value of the "legal, equitable, and monetary relief" that Plaintiffs seek. Rather, it means that the "legal, equitable, and monetary relief" includes the kinds of damages Plaintiffs list but does not limit the kinds of damages that Plaintiffs may recover to those listed in the prayer for relief. *See* BLACK'S LAW DICTIONARY 777–78 (8th ed. 2004) ("The participle *including* typically indicates a partial list. . . . But some drafters use phrases such as . . . *including but not limited to*—which mean the same thing."); *cf.* BRYAN A. GARNER, GARNER'S MODERN AMERICAN USAGE 440 (2003) ("include, which has traditionally introduced a nonexhaustive list" (bold omitted)). Plaintiffs could have listed back pay and front pay, for example. But the sum or value of the damages Plaintiffs seek is capped "within the self-imposed damage limitation of less than $75,000.00 per Plaintiff." (Compl. at 5).

The Eleventh Circuit did not explain why it concluded, based on a review of the complaint at issue, that the "[p]laintiff's complaint specifically request[ed] $45,000 in damages." *Burns,* 31 F.3d at 1095. As confirmed by the Fifth Circuit in *De Aguilar,* 47 F.3d at 1408 ("strictly speaking, plaintiffs have not alleged a specific amount of damages, as the amount they claim can range from $1 to $50,000"), Fontainebleau's understanding that the Complaint does not request a specific amount of damages is indeed a reasonable one.

---

**3.** The court in *Teneyck* did not state whether the plaintiff's demand was placed in the *ad damnum* clause. It is unclear whether that would have altered the *Teneyck* court's conclusion that the plaintiff, who sought more than $15,000 but no more than $75,000, did not plead a specific amount of damages, which was based on the plaintiff "pleading only a range of amounts, which appear[ed] to relate only to statutory jurisdictional amounts, not to her particular damages." Order at 2 n. 1, No. 6:05–cv–51–Orl–31DAB. The *Teneyck* court, however, did not compare the complaint with that in *Burns*—or even cite to *Burns,* for that matter. Further, the court in *Teneyck* found that the amounts "relate[d] only to statutory jurisdictional amounts." *Id.* Here, Plaintiffs expressly state that "less than $75,000.00 per Plaintiff" is a "self-imposed *damage* limitation." (Compl. at 5 (emphasis added)). Although Plaintiffs' demands relate to jurisdictional amounts as well, the Court cannot conclude that the "self-imposed damage limitation of less than $75,000.00 per Plaintiff" does *not* relate to damages.

*See also* Merriam-Webster's Collegiate Dictionary 1198 (11th ed.2003) (defining "specific" as, *inter alia,* "free from ambiguity"). But there is no clear way meaningfully to distinguish Plaintiffs' Complaint from the one in *Burns.* The Court therefore finds that by limiting Plaintiffs' request for damages in the Complaint's *ad damnum* clause to less than $75,000, Plaintiffs have pleaded a specific amount of damages.

## 2. Fontainebleau Fails to Meet Its Burden

■ To remain in federal court, Fontainebleau must establish to a legal certainty that Plaintiffs, if they prevail, would not recover less than $75,000. *See Burns,* 31 F.3d at 1097. "A defendant could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $[75,000]." *Id.* at 1096. "The standard is an objective one; plaintiff's or plaintiff's counsel's subjective intent in drafting the prayer is not the true issue." *Id.*

■ Fontainebleau's "burden of proof must be a heavy one." *Id.* at 1095. The heavy burden owes largely to the representations of Plaintiffs' counsel, both to the court *a quo* and to this one. "Every lawyer is an officer of the court.... So, [a] plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth." *Id.* The Court must "assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception." *Id.* "This strict standard is consistent with case law and congress' policy of limiting federal diversity jurisdiction." *Id.* at 1095–96.

Section 760.11(5) of the Florida Statutes, concerning the damages available for violations of the FCRA, states as follows:

[T]he court *may* issue an order prohibiting the discriminatory practice and providing affirmative relief from the effects of the practice, including back pay. The court *may* also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages.... The judgment for the total amount of punitive damages awarded under this section to an aggrieved person shall not exceed $100,000. In any action or proceeding under this subsection, the court, in its discretion, *may* allow the prevailing party a reasonable attorney's fee as part of the costs.

(emphasis added).

Fontainebleau calculates the back pay, compensatory damages, punitive damages, and attorney's fees that Plaintiffs might recover if they prevail, and asserts that, combined, the damages could "far exceed the jurisdictional threshold." (Def.'s Resp. at 4–8). Fontainebleau does this chiefly by referencing case law where juries awarded $500,000 in compensatory damages for discrimination in violation of the FCRA, *e.g., Archer v. Aaron Rents, Inc.,* No. 4: 00cv335–RH, 2001 WL 1047650 (N.D.Fla. May 23, 2001), and $100,000 in punitive damages for violating the same, *e.g., Winn–Dixie Stores, Inc. v. Reddick,* 954 So.2d 723, 726 (Fla. 1st DCA 2007). Fontainebleau estimates the hourly rate of Plaintiffs' counsel—$325 per hour—by referencing Fair Labor Standards Act cases in which he was counsel of record. (Def.'s Resp. at 7–9).

The Court assumes, without deciding, that Plaintiffs could recover an amount more than $75,000 if they prevail. In light of *Lowery v. Alabama Power Co.,* 483 F.3d 1184 (11th Cir.2007), however, the Court is skeptical about gauging the value of Plaintiffs' claims for damages from other (factu-

ally distinguishable) cases—especially where, as here, the Court has nothing but the Complaint and the Notice of Removal before it.[4] Indeed, citation to authority alone may not suffice even to meet the preponderance-of-the-evidence standard. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 809 (11th Cir. 2003) (rejecting "mere citation to what has happened in the past" to "overcome the indeterminate and speculative nature" of a defendant's assertion that a plaintiff's claim exceeds $75,000).

■■■ In any event, the discretionary nature of the language of section 760.11(5) unambiguously indicates that an award of less than $75,000 would not be outside the range of permissible awards. *See Burns,* 31 F.3d at 1096. The Court simply has few facts, apart from the assertion that Plaintiffs earned $25,000 yearly when they were terminated, from which to conclude that Plaintiffs' claims for damages actually exceed thrice that amount. *Cf. Burns v. Anderson,* 502 F.2d 970, 972 (5th Cir.1974) (affirming the dismissal of a complaint where the district court's "examination of an extensive record" revealed "that it really d[id] appear to a legal certainty" that the amount-in-controversy requirement was not met). And, because Plaintiffs' claims are specific, the Court must defer to them and presume they are true. *See Burns,* 31 F.3d at 1095. There is no legal certainty that any Plaintiff will not recover less than $75,000. Fontainebleau has therefore failed to establish that Plaintiffs'

claims exceed the amount-in-controversy requirement.[5]

### 3. Costs, Expenses, and Attorney's Fees

■■■ Plaintiffs request fees and costs as a result of bringing this Motion. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Yet, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

■■■ In removing, Fontainebleau assessed Plaintiffs' claims and reasoned, on the authority of at least three cases, that the amount in controversy exceeded $75,000. Fontainebleau's basis for removal was objectively reasonable.

## IV. CONCLUSION

Because Plaintiffs pleaded a specific amount of damages, Fontainebleau, to remain in federal court, was required to establish to a legal certainty that Plaintiffs, if they prevailed, would not recover $75,000 or less. Fontainebleau has failed to do so. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion [**D.E. 6**] is **GRANTED in part** and **DENIED in part.**

---

4. *See id.* at 1213–15 ("[I]n assessing the propriety of removal, the court considers the document received by the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction.... If that evidence is insufficient ..., neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." (footnote call number omitted)).

5. Were the Court to consider whether the refusal of Plaintiffs' counsel to enter into a binding stipulation should be considered in determining whether the amount-in-controversy requirement has been met, *see Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir.2001), Fontainebleau still would not have satisfied the legal-certainty standard.

2. This matter is remanded to the Eleventh Judicial Circuit.

3. Plaintiffs' request for fees and costs under 28 U.S.C. § 1447(c) is **DENIED.**

4. The Clerk of Court is directed to **CLOSE** this case and all pending motions are **DENIED as MOOT.**